UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOPHIE POST | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| FIRST REVENUE ASSURANCE, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Sophie Post, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1. Plaintiff, Sophie Post (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Sophie Post is an adult natural person residing at 324 S. Rumford Road, Rumford, Maine 04276. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, First Revenue Assurance, LLC, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of Maine and the Commonwealth of Pennsylvania with its principal place of business located at 4500 Cherry Creek Drive South, Suite 450, Denver, Colorado 80246 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around the middle of February, 2010, Plaintiff began receiving calls from the Defendant's agent "Kevin", in regards to a debt allegedly owed to Capital One for approximately $400.00.

8. Plaintiff informed Defendant's agent, "Kevin", that she had retained the services of the law firm Persels & Associates, LLC and that he should contact them

directly in regards to this matter.

9. Defendant's agent, "Kevin", said that he would not contact them and that they would not work with a third party.

10. On or about March 1, 2010, Persels & Associates, LLC sent a "cease and desist" letter to the Defendant informing them that they were representing the Plaintiff in efforts to settle their unsecured debt and that any further contact should come directly through their offices. **See Exhibit "A" (letter) attached hereto.**

11. Plaintiff continued to receive calls.

12. Plaintiff reminded Defendant and their agents every time they called that they would need to call and speak with Persels & Associates.

13. Defendant continually told the Plaintiff that they would not work with them and that they did not receive anything from them.

14. On or about April 6, 2010, Plaintiff faxed a second (2nd) "cease and desist" letter to the Defendant. **See Exhibit "B" (2nd letter) attached hereto.**

15. Plaintiff continued to receive calls from Defendant collecting on the above stated matter.

16. On or about April 14, 2010, Persels faxed over a third (3rd) "cease and desist" letter to Defendant again asking them to cease all further direct contact with the Plaintiff. **See Exhibit "C" (3rd letter) attached hereto.**

17. On or about that same day, Plaintiff received another call from Defendant's agent, "Kevin", stating that he had received the "cease and desist" letter that day, but that he was still going to contact her for payment.

18. Defendant's agent, "Kevin", went on to tell the Plaintiff that she had to make a decision that day on how she was going to pay the debt.

19. Defendant's agent, "Kevin", wanted to know why the Plaintiff could not just pay the debt off since it was only $400.00

20. On this same call, Plaintiff was told that they had a "settlement auction" that day and that he could now offer her a 60% reduction in what she owed but she would have to pay the debt off in three (3) days or the offer would be taken off the table.

21. Plaintiff again explained to Defendant that they would have to speak with Persels and that she could not enter into any agreement with them.

22. As of April 27, 2010, Plaintiff was still receiving at least six (6) calls a week from Defendant and their agent's trying to collect on this debt.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2):  After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive
>
> § 1692c(a)(3):  At place of employment when knows that the employer prohibits such communication
>
> § 1692c(c):    After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication
>
> § 1692d:      Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

    § 1692e:  Any other false, deceptive or misleading representation or means in connection with the debt collection

    § 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

    § 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, First Revenue Assurance, LLC and Order the following relief:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: May 11, 2010                       BY: /s/Brent F. Vullings
                                         Brent F. Vullings, Esquire
                                         Warren & Vullings, LLP
                                         1603 Rhawn Street
                                         Philadelphia, PA  19111
                                         215-745-9800   Fax 215-745-7880
                                         Attorney for Plaintiff